UNITED STATES DISTRICT COURT
SOUTHISN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DEREK L. KENT,

Plaintiffs,

v.

CARNIVAL CRUISE LINES,
a Panamanian corporation;

Defendant.

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEREK L. KENT (herein after "DEREK" or "Plaintiff") sues Defendant CARNIVAL CRUISE LINES, a Panamanian corporation (hereinafter "CCL" or "Defendant") and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff is a citizen and resident of the state of Alabama.

2. Defendant CCL is a corporation incorporated under the laws of Panama having its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4. In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

5. Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

b. Was engaged in substantial activity within this state; and/or

c. Operated vessels in the waters of this state; and/or

d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

e. The contract for carriage between Defendant and Plaintiff requires that the venue for this action be in the United States District Court for the Southern District of Florida.

6. Defendant is subject to the jurisdiction of this Court.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel "Carnival Dream".

9. On or about June 14, 2016, DEREK was a paying passenger on Defendant's vessel, which was in navigable waters.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one through nine as though alleged originally herein.

10. It was the duty of Defendant to provide DEREK with reasonable care under the circumstances.

11. On or about June 14, 2016, Defendant and/or its agents, servants, and/or employees breached its duty to provide DEREK with reasonable care under the circumstances.

12. On or about the previously mentioned date, DEREK was injured while aboard the vessel as follows: While DEREK was at deck ten (10) of the starboard side of the vessel, walking between the breakfast buffet area "Grill" to the pool area beverage station "Red Frog Rum" bar to refill his soda at approximately 12:00 p.m., he slipped and fell as a result of a wet, slippery, dangerous and inadequately safe flooring surface resulting in injuries to his person.

13. DEREK's injury was due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

a. Failure to maintain the area in a clean and dry condition, and/or;

b. Allowed water and/or this slippery substance to exist on the subject floor for an unreasonable period of time, and/or;

c. Failure to have a non-slip or non-skid surface on the floor area, and/or;

d. Failure to have an adequate flooring surface for the subject area, and/or;

e. Failure to warn DEREK of the danger of a wet and slippery floor area, and/or;

f. Failure to place rubber mats and/or this non-slip coverings in and around the area, and/or;

g. Failure to provide a non-skid floor surface in and around the area, and/or;

h. Failure to put up warning signs or cones warning DEREK of the dangerous condition in and around the area, and/or;

i. Failure to have an adequate floor surface in and around the area, and/or;

j. Failure to have a policy/procedure and/or adequate policies/procedures in place in order to ensure the floor is free from any dangerous condition, and/or;

k. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident DEREK suffered, from happening, and/or;

l. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by DEREK, and/or;

m. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident DEREK suffered from happening, all of which resulted in the Plaintiff being injured, and/or;

n. Knowing from previous similar incidents of the likelihood of such an accident, yet failing to take steps to correct the conditions causing the accident.

14. At all times material hereto, Defendant had exclusive custody and control of the above named vessel.

15. At all times material hereto, Defendant negligently failed investigate and/or determine the hazards on the vessel to DEREK, failed to eliminate the hazards, failed to modify and/or minimize the hazard and failed to properly warn DEREK of the hazard. In addition, Defendant violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All the above caused DEREK to be injured.

16. The Defendant knew of the foregoing conditions causing DEREK's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

17. As a result of the negligence of Defendant, DEREK was injured about his body and extremities, suffered severe physical pain, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, disfigurement and other mental and/or nervous disorders. Suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries and suffered physical handicap. The injuries and damages are permanent or continuing in nature and DEREK will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself, is wife and their child as well as transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Dated this 2nd day of June, 2017.

CHARLIP LAW GROUP, LC
*Counsel for Plaintiff*
11900 Biscayne Blvd – Suite 200
North Miami, Florida 33181
Phone: (305) 354-9313
Fax: (305) 354-9314
Primary Email:
dcharlip@charliplawgroup.com
Secondary E-mail:
assistant@charliplawgroup.com
paralegal@charliplawgroup.com

By: ______________________
David H. Charlip, B.C.S.
Florida Bar No.: 329932